# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| DONALD RENSCH, Derivatively on Behalf of Nominal Defendant NORTHERN OIL & GAS, INC.<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL L. REGER, JAMES RANDALL REGER, JAMES RUSSELL REGER, RYAN R. GILBERTSON, WELDON W. GILBERTSON, JAMES R. SANKOVITZ, CHAD D. WINTER, DOUGLAS M. POLINSKY, JOSEPH A. GERACI, II, and VOYAGER OIL & GAS, INC.,<br><br>Defendants,<br><br>and<br><br>NORTHERN OIL & GAS, INC.,<br><br>Nominal Defendant. | Case No. _____<br><br><br>**VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

Plaintiff, by the undersigned attorneys, submits this Verified Shareholder Derivative Complaint ("Complaint") against the defendants named herein.

### NATURE AND SUMMARY OF THE ACTION

1.  Plaintiff brings this action derivatively for the benefit of nominal defendant Northern Oil & Gas, Inc. ("NOG" or the "Company") against certain officers and directors of NOG, as well as Voyager Oil & Gas, Inc. ("Voyager") and certain individuals affiliated with Voyager, seeking to remedy defendants' breaches of fiduciary

duties, usurpation of corporate assets, and aiding and abetting thereof, in connection with the formation, capitalization, and operation of Voyager, a direct competitor of NOG.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(2) in that Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interests and costs. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. §1367(a). This action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have.

3.  Venue is proper in this district because a substantial portion of the transactions and wrongs complained of herein, including the defendants' primary participation in the wrongful acts detailed herein, occurred in this district. One or more of the defendants either resides in or maintains executive offices in this district, and defendants have received substantial compensation in this district by engaging in numerous activities and conducting business here, which had an effect in this district.

## PARTIES

4.  Plaintiff Donald Rensch ("Plaintiff"), a citizen of Utah, is a shareholder of Nominal Defendant NOG, was a shareholder of NOG at the time of the wrongdoing alleged herein, and has been a shareholder of NOG continuously since that time.

5.  Nominal Defendant NOG is a Minnesota corporation with its principal executive offices located at 315 Manitoba Avenue, Suite 200, Wayzata, Minnesota 55391. NOG is an energy company engaged in the acquisition, exploration, exploitation

- 3 -

and development of oil and natural gas properties, and has focused its activities primarily on projects based in the Bakken and Three Forks/Sanish formations within the Williston Basin, which is located in Montana, North Dakota and South Dakota.

6. Defendant Michael L. Reger ("M. Reger"), a citizen of the State of Minnesota, co-founded NOG in late 2006 and has served as the Company's Chief Executive Officer ("CEO") and Chairman of the Board since March 2007.  M. Reger and his wife Brittany L. Reger ("B. Reger") are affiliated with Reger Gas Investments, LLC ("Reger Gas"), an early investor in Plains Energy Investments, Inc. ("Plains Energy"), the predecessor to Voyager.  The registered office address of Reger Gas is NOG's address, and B. Reger is the managing member of Reger Gas.  As of March 10, 2009, Reger Gas owned 1,120,000 shares of Plains Energy common stock, which represented 20.01% of Plains Energy's then-outstanding common stock.  As of July 21, 2010, Reger Gas owned 785,729 shares of Voyager common stock, which represented 1.73% of Voyager's then-outstanding common stock.  Defendant M. Reger is the son of defendant James Randall Reger ("J. Reger") and the brother of defendant James Russell Reger ("J.R. Reger").

7. Defendant J. Reger, a citizen of the State of Montana, co-founded Plains Energy in 2008 and served as CEO and a director of Plains Energy until April 16, 2010, when Plains Energy merged with ante4, Inc., a publicly traded shell corporation, to form Voyager.  As of March 10, 2009, J. Reger owned 100,000 shares of Plains Energy common stock, which represented 1.79% of Plains Energy's then-outstanding common stock.  As of July 21, 2010, J. Reger owned 2,326,342 shares of Voyager common stock,

which represented 5.13% of Voyager's then-outstanding common stock.  Defendant J. Reger is the father of defendants M. Reger and J.R. Reger.

8.     Defendant J.R. Reger, a citizen of the State of Montana, has served as the CEO of Voyager since December 31, 2009 and as a director of Voyager since April 16, 2010.  Defendant J.R. Reger is the son of defendant J. Reger and the brother of defendant M. Reger.

9.     Defendant Ryan R. Gilbertson ("R. Gilbertson"), a citizen of the State of Minnesota, co-founded NOG in late 2006 and has served as the Company's President since March 2010 and as a director since March 2007.  R. Gilbertson previously served as the Company's Chief Financial Officer ("CFO") from its inception until March 2010.  R. Gilbertson is affiliated with Crystal Bay Capital Consulting ("Crystal Bay"), an early investor in Plains Energy, and is the chief manager of Wayzata Energy Capital, LLC ("Wayzata Energy"), another early investor in Plains Energy.  As of March 10, 2009, R. Gilbertson personally owned 415,000 shares of Plains Energy common stock, which represented 7.4% of Plains Energy's then-outstanding common stock, and Crystal Bay owned an additional 650,000 shares of Plains Energy common stock, which represented an additional 11.6% of Plains Energy's then-outstanding common stock.  As of July 21, 2010, Wayzata Energy owned 471,457 shares of Voyager common stock, which represented 1.04% of Voyager's then-outstanding common stock.  Defendant R. Gilbertson is the son of defendant Weldon W. Gilbertson ("W. Gilbertson").

10.    Defendant W. Gilbertson, a citizen of the State of Minnesota, co-founded Plains Energy in 2008 and served as Plains Energy's President until April 16, 2010, when

Plains Energy became Voyager.  As of March 10, 2009, W. Gilbertson owned 100,000 shares of Plains Energy common stock, which represented 1.79% of Plains Energy's then-outstanding common stock.  As of July 21, 2010, W. Gilbertson owned 72,943 shares of Voyager common stock.  Defendant W. Gilbertson is the father of defendant R. Gilbertson.

11.     Defendant James R. Sankovitz ("Sankovitz"), a citizen of the State of Minnesota, has served as the Company's Chief Operating Officer ("COO") and Secretary since March 2010.  He has also served as the Company's General Counsel since 2008.  Sankovitz co-founded Plains Energy in 2008 and served as Plains Energy's Secretary and General Counsel until April 2010, when Plains Energy became Voyager.  Sankovitz is the managing member of 1242 Investments, LLC ("1242 Investments"), an early investor in Plains Energy.  As of March 10, 2009, Sankovitz owned 100,000 shares of Plains Energy common stock, which represented 1.79% of Plains Energy's then-outstanding common stock.  As of July 21, 2010, 1242 Investments owned 448,076 shares of Voyager common stock.

12.     Defendant Chad D. Winter ("Winter"), a citizen of the State of Minnesota, has served as the Company's CFO since March 2010.  Winter previously served as the Company's Vice President of Operations from 2007 to 2008.  Winter is the organizer of Wayzata Bay Capital, LLC ("Wayzata Bay"), an early investor in Plains Energy.  As of July 21, 2010, Wayzata Bay owned 286,561 shares of Voyager common stock.

13.     Defendant Douglas M. Polinsky ("Polinsky"), a citizen of the State of Minnesota, co-founded NOG in late 2006 and served as a director of the Company until

May 3, 2007.  Polinsky is the president of Great North Capital Consultants, Inc. ("Great North"), an early investor in Plains Energy.  As of July 21, 2010, Great North owned 328,556 shares of Voyager common stock.

14.   Defendant Joseph A. Geraci, II ("Geraci"), a citizen of the State of Minnesota, co-founded NOG in late 2006 and served as a director of the Company until 2007.  Geraci is the managing member of Mill City Ventures, LP ("Mill City"), an early investor in Plains Energy.  As of July 21, 2010, Mill City owned 350,000 shares of Voyager common stock.

15.   Defendant Voyager, the successor to Plains Energy, is a Delaware corporation with its principal executive offices located at 2812 1st Avenue N, Suite 506, Billings, Montana 59101. Voyager is an exploration and production company, and its primary focus is oil shale resource prospects in properties in Montana and North Dakota.

16.   Collectively, defendants M. Reger, R. Gilbertson, Sankovitz, and Winter are referred to herein as the "Officer Defendants."

17.   The Officer Defendants and defendants J. Reger, J.R. Reger, W. Gilbertson, Polinsky, Geraci, and Voyager are referred to herein as the "Defendants."

**DUTIES OF THE OFFICER DEFENDANTS**

18.   By reason of their positions as officers and/or directors of the Company and because of their ability to control the business and corporate affairs of the Company, the Officer Defendants owed the Company and its shareholders the fiduciary obligations of good faith, trust, loyalty, and due care, and were and are required to use their utmost ability to control and manage the Company in a fair, just, honest, and equitable manner.

The Officer Defendants were and are required to act in furtherance of the best interests of the Company and its shareholders so as to benefit all shareholders equally and not in furtherance of their personal interest or benefit.

19. To discharge their duties, the Officer Defendants, as officers and/or directors of the Company, were required to exercise reasonable and prudent supervision over the management, policies, practices and controls of the Company. By virtue of such duties, the Officer Defendants were required to, among other things, refrain from unduly benefiting themselves and other Company insiders at the expense of the Company, and refrain from usurping corporate opportunities belonging to the Company.

## FACTUAL ALLEGATIONS

### Background of NOG

20. NOG was founded in late 2006 by NOG's Chairman and CEO M. Reger, NOG's President R. Gilbertson, and former directors Polinsky and Geraci. According to its public filings, the Company engages in the acquisition, exploration, exploitation and development of oil and natural gas properties in the Rocky Mountain Region of the United States, specifically focusing on developing wells in Montana and North Dakota. The majority of the Company's projects are in the Bakken and Three Forks/Sanish formations within the Williston Basin, a large intracratonic sedimentary basin in eastern Montana, western North and South Dakota, and southern Saskatchewan. In 2006, the North Dakota Geological Survey estimated the reserves in the Bakken formation to be 300 billion barrels, of which 50% is thought to be recoverable, making it one of the largest resource plays in the energy business.

21.     The Officer Defendants knew, and have always known, that the Company's primary business is in Montana and North Dakota, specifically the Williston Basin area. This is confirmed by numerous public statements by the Company.

22.     In the Company's Form 10-K filed with the SEC on March 31, 2008, (" 2008 10-K"), the Company states:

> ***Our primary assets are located in the Williston Basin*** and as of December 31, 2007, include three principal positions—namely:
>
> ▪     Approximately 21,354 net acres located in Sheridan County, Montana, representing a stacked pay prospect;
>
> ▪     Approximately 13,000 net acres located in Mountrail County North Dakota, within and surrounding to the north and south the Parshall Field currently being developed by EOG Resources to target the Bakken Shale; and
>
> ▪     Approximately 7,500 net acres located in Burke and Divide Counties of North Dakota, in which we are targeting the Winnepegosis Shale using acreage in close proximity to a recent Continental Resources Discovery in the formation
>
> These properties target the same Bakken Shale resource formation. We believe the Bakken formation represents one of the most oil rich, exciting plays in the Continental United States. The North Dakota Geological Survey currently estimates the reserves in the Bakken formation to be 300 billion barrels, of which approximately 50% is thought to be currently recoverable, making it one of the largest resource plays in the Continental United States. We possess three-dimensional (3-D) seismic data covering our acreage in Montana and North Dakota, which we hope to utilize to effectively target the most effective well locations on our acreage to most efficiently develop our properties. We commenced drilling on the Bakken properties in late 2007.

23.     The 2008 Form 10-K further states, "In 2008, we intend to continue drilling efforts on our existing acreage covering an aggregate of 62,000 net mineral acres in

Mountrail County, North Dakota and Sheridan County, Montana, and to commence drilling or participate in at least 40 new wells."

24. In the Company's Form 10-K filed with the SEC on March 16, 2009, ("2009 10-K"), the Company states:

> Our business focus is on the oil and gas industry in a limited number of properties, initially in Montana and North Dakota. Larger companies have the ability to manage their risk by diversification. However, we will lack diversification, in terms of both the nature and geographic scope of our business. As a result, we will likely be impacted more acutely by factors affecting our industry or the regions in which we operate than we would if our business were more diversified, enhancing our risk profile. If we cannot diversify our operations, our financial condition and results of operations could deteriorate.

25. In the Company's Form 10-K filed with the SEC on March 8, 2010, ("2010 Form 10-K"), the Company states that "[a]ll of our proved reserves are located in North Dakota and Montana." The 2010 Form 10-K further states:

> The Company will continue to focus on projects in the oil and gas industry primarily based in the Rocky Mountains and *specifically the Williston Basin Bakken Shale formation.* The Company has begun to develop its substantial leasehold in the Bakken play and will continue to do so as well as target additional opportunities in emerging plays utilizing its first mover leasing advantage.

26. Thus, there is no question that the Officer Defendants have always been acutely aware that the Company's primary business is in Montana and North Dakota. Consequently, the Officer Defendants knew that any company that also focused on developing oil and gas properties in Montana and North Dakota, particularly in the Williston Basin area, would be a direct competitor to NOG.

**The Officer Defendants, Aided and Abetted by the Other Defendants, Usurp NOG's Corporate Opportunities**

27.     In 2008, Sankovitz, with the knowledge and participation of the other Officer Defendants, formed Plains Energy with J. Reger and W. Gilbertson. Other early investors in Plains Energy included M. Reger, B. Reger, R. Gilbertson, Winter, Polinsky, and Geraci.

28.     The Officer Defendants did not offer to NOG or its board of directors the opportunity for NOG to participate in the formation, capitalization, or operation of Plains Energy.

29.     Plains Energy was, and its successor Voyager is, a direct competitor to NOG in the acquisition and development of oil and gas properties in Montana and North Dakota, particularly in the Williston Basin area that is also NOG's core area of focus.

30.     According to Voyager's Form 8-K filed with the SEC on April 22, 2010, Voyager is a corporation formed for the "purpose of exploration, exploitation, acquisition and production of crude oil and natural gas in the continental United States. The Company's business is initially expected to focus on properties *in Montana and North Dakota*." The Form 8-K further states:

> **Assets and Acreage Holdings**
>
> As of April 22, 2010, we currently control approximately 97,720 net acres in the following four primary prospect areas:
>
> •   6,780 net acres targeting the Bakken formation in North Dakota;
>
> •   640 net acres targeting the Red River formation based on 3-D seismic data in Montana;

- 56,800 net acres in our joint venture targeting the Tiger Ridge gas field in Blaine, Hill and Chouteau Counties of Montana; and

- 33,500 net acres in our joint venture targeting the Heath Shale formation in Musselshell, Petroleum, Garfield and Fergus Counties of Montana.

*We also have an additional 8,000 net acres under contract targeting the Bakken formation in Montana and North Dakota, which we expect to purchase in the next few weeks.* The leases we control have a minimum term of three years and many have extensions effectively giving us control of lands for up to ten years.

* * *

**Business**

*Voyager's primary focus is to acquire high value leasehold interests specifically targeting the Bakken and Three Forks formations in the Williston Basin.* We believe our competitive advantage will be our ability to continue to acquire leases directly from the mineral owners through "organic leasing." Organic leasing allows Voyager to acquire acreage on more favorable terms than our competitors. Because of our size and maneuverability, we are able to deploy our land acquisition teams into specific areas based on the latest industry information. *We will generate revenue by and through the conversion of our leasehold into non-operated working interests in multiple Bakken or Three Forks wells.* We believe our drilling participation, primarily on a heads-up basis proportionate to our working interest, will allow us to deliver high value with low cost. *Voyager expects to deploy approximately $10 million to participate in Bakken wells in 2010 at an average completion cost of $4.5 million per well.*

*Voyager is also currently engaged in a top-leasing program in targeted areas of the Williston Basin. A top-lease is a lease acquired prior to and commencing immediately upon the expiration of the current lease. We believe this approach will allow us to access the most prolific areas of the Bakken oilfields.* We continue to see this approach met with success given the rapidly expanding nature of the productive area of the play.

**The Bakken Shale Formation**

The Bakken formation is predominantly found in the Williston Basin of Eastern Montana and Western North Dakota. It lies between 9,000 and 11,000 feet beneath the surface of the Earth. The Bakken consists of two shale rock layers, the upper and the lower. Each of these layers is marine-organic rich oil generating shale. Between the two shale layers lies a silty, sandy, supercharged dolomite membrane known as the Middle Member. The upper and lower shales have generated oil and trapped it within the middle member. The result is the largest contiguous deposit of oil and gas in the continental United States with the recoverable volume of oil expected to be between 3.5 and 5 billion barrels with current technology, according to the U.S. Geological Survey. As more advanced technology is deployed, ultimate recovery is expected to increase. We believe well results have become repeatable and predictable.

**Three Forks Formation**

Immediately below the Bakken lies the Three Forks Formation. The Three Forks is a similar porosity zone to the Middle Member of the Bakken and is also a dolomite membrane that is supercharged by the Bakken Shale. We believe the Three Forks has the potential to double the estimated ultimate recovery of oil under our targeted interests. Drilling in the Three Forks has commenced throughout the Williston Basin and production levels rival the Bakken. We expect to continue to see the Three Forks delineated as a separate productive zone. ***We believe this translates into a potential doubling of our net well interest and reserves***.

31. Similarly, on July 19, 2010, Voyager issued a press release stating that it had acquired more land in the Williston Basin area and that it had participated in the development of more oil wells in that area:

> Voyager currently controls approximately 24,000 net acres in the Williston Basin. Since April 16, 2010, Voyager has acquired approximately 18,000 net acres primarily in Williams and McKenzie Counties, North Dakota. Voyager has also participated in six Bakken oil wells, including the Brigham operated Ross-Alger 6-7 #1H which reported initial production of 3,070 barrels of oil equivalent per day (BOEPD). To date, Voyager acreage has been included in approximately 74 permits to drill Bakken wells expected

> to spud within the next six months. Voyager continues to lease prospective acreage using its competitive advantage targeting non-operated working interests in delineated areas of high quality production.
>
> * * *
>
> J.R. Reger, CEO of Voyager commented, ***"Throughout the remainder of 2010, we expect that Voyager will continue its aggressive leasing program in the Williston Basin and its development programs in the Niobrara, Heath Shale and Tiger Ridge Gas field.*** We are fully funded to continue to execute on our 2010 goals and expect our competitive leasing advantage to result in further strategic acreage acquisitions and expanded drilling activity. With our strong cash position and no debt we believe we are well positioned to execute on our drilling and acreage programs."

32. By participating in the formation, capitalization, and operation of Plains Energy/Voyager, a direct competitor to NOG, without offering the opportunity to NOG or its board of directors, the Officer Defendants usurped corporate opportunities belonging to NOG and thereby breached their fiduciary duty of loyalty to NOG.

33. The Officer Defendants' breaches of fiduciary duties were aided and abetted by the other founders of and early investors in Plains Energy, including J. Reger, W. Gilbertson, Polinsky, and Geraci, who knew that the Officer Defendants were breaching their fiduciary duty of loyalty to NOG, and assisted the Officer Defendants in forming, capitalizing, and operating Plains Energy/Voyager.

34. As a direct and proximate result of the Officer Defendants' breaches of fiduciary duties, aided and abetted by the other Defendants, NOG has been deprived of valuable opportunities to acquire and develop oil and gas properties in the Williston Basin area and elsewhere and has been deprived of the assets and profits of Voyager, which properly belong to NOG.

**DERIVATIVE AND DEMAND EXCUSED ALLEGATIONS**

35. Plaintiff brings this action derivatively in the right and for the benefit of NOG to redress breaches of fiduciary duties, waste of corporate assets and unjust enrichment.

36. Plaintiff will adequately and fairly represent the interests of the Company and its shareholders in enforcing and prosecuting its rights.

37. As a result of the facts set forth herein, Plaintiff has not made any demand on NOG's board of directors to institute this action against the Defendants. Such demand would be a futile and useless act because the board is incapable of making an independent and disinterested decision to institute and vigorously prosecute this action.

38. At the time this action was commenced, NOG's board of directors consisted of seven directors, Defendants M. Reger and R. Gilbertson and five additional directors: Loren J. O'Toole, Carter Stewart, Jack E. King, Robert Grabb and Lisa Meier. The following directors are incapable of independently and disinterestedly considering a demand to commence and vigorously prosecute this action for the following reasons:

   a. Defendant M. Reger, because he and his wife B. Reger are early investors in Plains Energy, and therefore M. Reger is directly interested in the misconduct complained of herein; because of his close familial relationship with defendants J. Reger (M. Reger's father) and J.R. Reger (M. Reger's brother), from whom M. Reger lacks independence; and because M. Reger is substantially likely to be held liable for breaching his fiduciary duty of loyalty by usurping NOG's corporate opportunities;

   b. Defendant R. Gilbertson, because he is as an early investor in Plains Energy, and therefore R. Gilbertson directly interested in the misconduct complained of herein; because of his close familial relationship with defendant W. Gilbertson (R.

          Gilbertson's father), from whom R. Gilbertson lacks independence; and because R. Gilbertson is substantially likely to be held liable for breaching his fiduciary duty of loyalty by usurping NOG's corporate opportunities;

c.      Director Loren J. O'Toole, because of his close familial relationship with his son Loren J. O'Toole, II, who serves as a director of Voyager, and from whom Loren J. O'Toole lacks independence;

d.      Director Jack E. King, because for 27 years he has been an employee of Hancock Resources, an oil and gas exploration and development company that is a major joint venture partner with Voyager and also employs Jack E. King's brother Dale King, and therefore Jack E. King lacks independence from Voyager and its affiliates, officers, and directors. According to Plains Energy's March 2009 Private Placement Memorandum ("PPM"), Plains Energy "initially committed approximately $1,000,000 to exploit perceived opportunities in the Tiger Ridge gas field in a joint venture with Hancock Resources of Montana" and "plan[ned] to initially commit a minimum of $2,000,000 to exploit perceived opportunities in the Tiger Ridge gas field in north-central Montana, as well as the growing Heath Shale Oil play in the same general vicinity, in a joint venture with Hancock Resources of Montana." The PPM further states that "[c]ertain of our founders have enjoyed long-standing business and personal relationships with key managers at Hancock Resources," including, upon information and belief, Jack E. King and his brother Dale King. The PPM further states that "[o]ur relationship with Hancock Resources has empowered their in-house geologist/geo-physicist, Dale King, to select and approve potential areas of leasing based on his geologic knowledge of the area. The joint venture with Hancock Resources is pursuing oil and natural gas exploration opportunities based upon Mr. [Dale] King's recommendations;"

e.      Director Carter Stewart, because on September 21, 2007, NOG acquired acreage from Gallatin Resources, LLC, in which Stewart owned a 25% interest, for $1,420,000 as well as 275,000 shares of common stock, and therefore Stewart lacks independence from the other directors of NOG, particularly M. Reger and R. Gilbertson.

- 15 -

## COUNT I

### Against the Officer Defendants for
### Breach of Fiduciary Duty of Loyalty/Usurpation of Corporate Opportunities

39. Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

40. As alleged in detail herein, each of the Officer Defendants owed to NOG the fiduciary duty of loyalty, pursuant to which they were required to, among other things, refrain from usurping corporate opportunities belonging to NOG.

41. The opportunities Plains Energy/Voyager has taken to acquire and develop oil and gas properties are opportunities that belonged to NOG, in which NOG had an interest and expectancy, that NOG was financially able to undertake, and were in NOG's line of business and of practical advantage to NOG.

42. By participating in and/or approving the formation, capitalization, and operation of Plains Energy/Voyager, a direct competitor to NOG, without offering the opportunity to NOG or its board of directors, the Officer Defendants usurped corporate opportunities belonging to NOG and thereby breached their fiduciary duty of loyalty to NOG.

43. As a direct and proximate result of the Officer Defendants' breaches of fiduciary duties, aided and abetted by the other Defendants, NOG has been deprived of valuable opportunities to acquire and develop oil and gas properties in the Williston Basin area and elsewhere and has been deprived of the assets and profits of Voyager, which properly belong to NOG.

## COUNT II

**Against Defendants J. Reger, J.R. Reger, W. Gilbertson, Polinsky, and Geraci for Aiding and Abetting the Officer Defendants' Breaches of Fiduciary Duties**

44. Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

45. Defendants J. Reger, J.R. Reger, W. Gilbertson, Polinsky, and Geraci knew that the Officer Defendants were breaching their fiduciary duty of loyalty to NOG by participating in and/or approving the formation, capitalization, and operation of Plains Energy/Voyager without offering the opportunity to NOG or its board of directors.

46. Defendants J. Reger, J.R. Reger, W. Gilbertson, Polinsky, and Geraci materially assisted the Officer Defendants in forming, capitalizing, and operating Plains Energy/Voyager, and thereby aided and abetted the Officer Defendants' breaches of fiduciary duties and usurpation of NOG's corporate opportunities.

47. As a direct and proximate result of the Officer Defendants' breaches of fiduciary duties, aided and abetted by the other Defendants, NOG has been deprived of valuable opportunities to acquire and develop oil and gas properties in the Williston Basin area and elsewhere and has been deprived of the assets and profits of Voyager, which properly belong to NOG.

## COUNT III

**Against Defendant Voyager for Tortuous Interference With a Prospective Business Relationship**

48. Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

49. Voyager, intentionally, and willfully, acquired and developed oil and gas properties pursuant to opportunities that belonged to NOG, and thus has interfered with NOG's line of business and prospective business opportunities.

50. NOG has lost business and prospective business opportunities as a result of Voyager's acquisition and development of oil and gas properties pursuant to opportunities that belonged to NOG.

51. As a direct and proximate result of Voyager's tortuous interference, NOG has been deprived of valuable opportunities to acquire and develop oil and gas properties in the Williston Basin area and elsewhere.

WHEREFORE, Plaintiff demands judgment as follows:

   A.  Awarding the Company the amount of damages sustained by the Company as a result of the Defendants' breaches of fiduciary duties and tortuous interference;

   B.  Imposing on Voyager and all its assets a constructive trust for the benefit of NOG;

   C.  Granting appropriate preliminary and permanent equitable and injunctive relief for the benefit of NOG;

   D.  Awarding to Plaintiff the costs and disbursements of the action, including reasonable attorneys' fees, accountants' and experts' fees, costs, and expenses; and

   E.  Granting such other and further relief as the Court deems just and proper.

### JURY TRIAL DEMANDED

Plaintiff demands a trial by jury.

        Respectfully submitted,

Dated: August 23, 2010        ZIMMERMAN REED, PLLP

/s/ Hart L. Robinovitch
Hart L. Robinovitch, MN Bar No. 240515
14646 N. Kierland Blvd., Suite 145
Scottsdale, AZ  85254
Telephone: (480) 348-6400
Fax: (480) 348-6415
E-mail:  Hart.Robinovitch@zimmreed.com

Timothy J. Becker, MN Bar No. 256663
ZIMMERMAN REED, PLLP
651 Nicollet Mall, Suite 501
Minneapolis, MN  55402
Telephone:  (612) 341-0400
Fax: (612) 341-0844
E-mail:  Timothy. Becker@zimmreed.com

*Attorneys for Plaintiff*

Of Counsel:

Eric L. Zagar
Ligaya Hernandez
Michael Hynes
Robin Winchester
BARROWAY TOPAZ KESSLER
    MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA  19087
Telephone: (610) 667-7706
Fax: (610) 667-7056

## VERIFICATION

I, Donald Rensch, hereby verify that I have authorized the filing of the attached Verified Shareholder Derivative Complaint, that I have reviewed the Complaint, and that the facts therein are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

DATE: 8/16/2010

Donald Rensch