RECEIVED JUN 17 2004

| | |
|---|---|
| STATE OF MINNESOTA | IN DISTRICT COURT |
| COUNTY OF DOUGLAS | SEVENTH JUDICIAL DISTRICT |

CASE TYPE: DERIVATIVE

Judge Skipper J. Pearson

Heine Junge, Derivatively on Behalf of
Rural Cellular Corporation,

    Plaintiff,

vs.

Richard P. Eckstrand, Wesley E. Schultz,
Ann K. Newhall, Jeffrey S. Gilbert,
Marvin C. Nicolai, George M. Revering,
Don C. Swenson, George W. Wickstrom,
Paul J. Finnegan, John Hunt,

    Defendants,

and

Rural Cellular Corporation,
a Minnesota Corporation

    Nominal Defendant.

COURT FILE NO.
C7-03-0230

ORDER

DISTRICT COURT
DOUGLAS COUNTY
F I L E D
JUN 17 2004
Rhonda Russell
Court Administrator
Deputy

The case came before the Honorable Skipper J. Pearson, Judge of the District Court, on the 2nd day of April 2004.

Heine Junge, a shareholder of Plaintiff and Nominal Defendant, Rural Cellular Corporation, filed a derivative shareholder action on behalf of Plaintiff against Defendants, the Board of Rural Cellular Corporation. Defendants brought a Motion to Dismiss.

NOW, having duly considered the statements of the parties, together with the applicable law, this court ORDERS:

**Exhibit 8**

THAT, Defendants' Motion to Dismiss, on the basis that Heine Junge, the shareholder bringing the derivative suit, failed to make a demand to obtain the desired action from the Board of Directors under Minnesota Rule of Civil Procedure 23.06, is GRANTED.

THAT, the above captioned matter is dismissed.

Dated this 10th day of June 2004.

**COURT SEAL**

Skipper J. Pearson
Judge of District Court

## MEMORANDUM

Plaintiff Heine Junge, a shareholder of Rural Cellular Corporation (hereinafter "RCC"), brought a derivative action against Defendants, members of the Board of Directors of RCC, on behalf of said corporation. Plaintiff claims that RCC was injured as the result of having to release a restatement of financial earnings, further claiming that this was the result of breach of fiduciary duty, abuse of corporate control, gross mismanagement, and waste by Defendants. Plaintiff pled as damages: exposure to other lawsuits as a result of violations of federal securities laws, damage to RCC's reputation, and a decrease in RCC's market capitalization.

Defendants have brought a Motion to dismiss on several grounds, including the threshold issue of whether Plaintiff might be excused from making a pre-suit demand upon the Board of RCC.

## DISCUSSION

Shareholders of a Corporation may bring a derivative lawsuit against the corporation's board of directors. Derivative suits allow shareholders to bring suit against directors who have wronged the corporation on behalf of the corporation, and force liable parties to compensate the corporation for injuries so caused. See Janssen v. Best & Flanagan, 662 N.W.2d 876, 882 (Minn. 2003).

The substantive decision about whether to pursue the claims advanced in a derivative action involves "the weighing and balancing of legal, ethical, commercial, promotional, public relations, fiscal and other factors familiar to the resolution of many if not most corporate problems." Id. (citation omitted). Usually, however, this decision

also lies with the board of directors, as the board is best able to assess each factor given the company's profile and history.

In a derivative action, the demand by the plaintiff shareholders upon the managing directors and shareholders is important in that it gives the management of the corporation an opportunity to consider the merits of the dispute and to determine, in the interests of the corporation and shareholders, whether it might be disposed of without the expense and delay of litigation. McMenomy v. Ryden, 176 N.W.2d 876, 881 (Minn. 1970) (citing Winters v. Farmers Educational & Co-op. Union, 107 N.W.2d 226, 233 (Minn. 1961). Generally, demand is deemed to be futile only when a majority of the directors have approved or participated in the wrongdoing, or are otherwise financially interested in preserving the transactions in question.

**Failure to Make a Demand**

In a shareholder derivative action, Minnesota Rules of Civil Procedure require that:

> The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the desired action from the directors of comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort.

Minn. R. Civ. P. 23.06.

Plaintiff concedes that no effort was made to obtain action from the board of directors, but asserts in the Complaint that making a demand would be "a futile, wasteful and useless act." Plaintiff bears the burden of establishing the basis for why such an

effort would be futile, even upon a motion to dismiss. Generally, whether plaintiffs have alleged facts sufficient to create a reasonable doubt concerning the disinterestedness and independence of a majority of the Board must be determined from the accumulation of all the facts taken together. See, e.g. McCall v. Scott, 239 F.3d 808 (6th Cir. 2001); Harris v. Carter, 582 A.2d 22, 229 (Del. CH. 1990).

This is a threshold issue wherein facts, rather than conclusory statements must be pled. In other words, Plaintiff must do more than allege lack of independence, or potential for undue influence between members of the board, but must provide particularized facts that show lack of independence. Plaintiffs are entitled to all reasonable factual inferences that logically flow from the particularized facts alleged, but conclusory allegations should not be considered.

The issue becomes more complex, as in the present case, when the derivative action is filed against the whole of the board. Minnesota law does not require a pre-suit demand when the individuals to whom the demand would be made are also the wrong doers, particularly when they constitute a majority of the board. See Winter, 107 N.W.2d 266-67. Nevertheless, this rule cannot be so broadly applied that all a derivative plaintiff need do to avoid making a demand is name the entire board in the suit. "The demand requirement as a condition precedent to a shareholder's derivative suit is one not lightly to be dispensed with. " Id. at 267.

Making a pre-suit demand is deemed futile if plaintiffs demonstrate that there was reasonable doubt that a majority of the board lacks independence. Professional Management Assocs. V. Coss, 574 N.W.2d 107, 109 (Minn. 1998). Independence, in this respect, means that because of financial or personal reasons, a director would be

likely to defer to the alleged wrongdoer(s). Minnesota law has long held that making a demand is also deemed futile where a majority of the board or stockholders are the wrongdoers. See e.g., Rothwell v. Robinson, 38 N.W. 772 (Minn. 1888). The Rothwell court wrote:

> An application by plaintiff to them to prosecute the wrong would be an application to bring suit against themselves in the name of the corporation. So absurd a requirement cannot be imposed on plaintiff as a condition of affording relief for **so clear a wrong.**

38 N.W. at 773 (emphasis added). It should be noted that in many cases such as Rothwell, both the nature of the wrong and the involvement of individuals in the wrong were quite clear. Here, even assuming that the improper accounting was more than minor negligence, the fact that RCC's Board issued the corrections makes the nature of the wrong less than clear.

Similarly, if the matter had been brought the attention of the board of directors, and no action was taken, whether by lack of independence or negligence, a further formal demand in a derivative suit may be excused. See Winter, 107 N.W.2d at 233. Here, however, the Board was not given any opportunity to act prior to the bringing of the suit.

Therefore, the pivotal question is whether Plaintiff pled alleged facts with particularity, and, if proven, could show that a majority of the board was clearly involved in the injury to the corporation or that a majority of the board lacked independence. Plaintiff makes several arguments regarding lack of independence, involvement in the wrongdoing, or a conflicting personal interest.

Compensation and Employment

It is not sufficient to merely tell the Court that some directors control the compensation committee. Absent evidence that compensation was being used as a "carrot" or a "stick," adopting such a standard would excuse demand with regard to every action wherein the board of directors has both employee directors and a compensation committee. Moreover, this action is directed primarily at whether financials were properly reported, the concern over undue influence is lessened by the fact that only Director Nicolai sat on both the Audit Committee and on the Compensation Committee.

Neither is it sufficient to allege that some directors are employees. If a director directly controlled the continued employment of other directors, then independence would be brought into issue with respect to those employees. See Professional Management Associates, 574 N.W.2d at 111. Plaintiff appears to argue for a rule that holds any director employee inherently unable to fairly consider a demand. Although employee directors are ultimately beholden to the board as a whole for continued employment, this Court would require some additional fact indicating influence or control.

All Directors were involved.

Plaintiff alleges that all of the directors "participated" in the wrongdoing. This is insufficient, when that participation amounts to little more than acquiescence to an incorrect financial statement. A board routinely approves financial statements when assured by a financial officer, audit committee or accountant that it is correct. The mere fact that a board may have been misled does not make them culpable or incapable of

independently seeking out the wrong and correcting it. In fact, in this case, a corrected financial statement was later issued, indicating a willingness to make a correction.

Nevertheless, the Audit committee has a special role in overseeing the accuracy of the financial reporting. Here, that involves directors Gilbert, Hunt, Nicolai and Revering. It might be fair to say the primary responsibility for both the original incorrect financial statement and the delay in making a correction lies with them.

Other Business Relationships

Plaintiff also mentions "inter-related business, professional and personal relationships." Although such relationships could create situations where independence is compromised, it is not inevitable. Nothing described by Plaintiff regarding these relationships demonstrate any actual inequality or dominance by one board member. Nor does that fact that a director is involved in a different corporation that has a business relationship with RCC mean that a director had a conflict of interest with regard to the outcome of this matter. Plaintiff also alleges that some of the directors have shared financial interests; this again only shows a situation where a potential problem could arise, but not one where one director is necessarily exerting undue pressure or influence upon another.

Negligence

Reasonable doubt as to the disinterestedness of a director is created when the particularized allegations in the complaint present "a substantial likelihood" of liability on the part of a director. Aronson v. Lewis, 473 A.2d. 805, 815 (Del. 1984).

reasons. At best, only members of the Audit Committee are faced with a viable claim that their failure was more than mere negligence, and therefore could possibly face personal liability. The Audit Committee, however, constitutes only four of ten directors, less than a majority. Therefore, Plaintiff is not excused from making a demand upon RCC's board, and the failure to do so results in dismissal of the current derivative shareholder action.

Because the Court has disposed of this case under Minn. R. Civ. P. 23.06 it will not rule on whether Plaintiff failed to state a claim or the ripeness issue. Mr. Junge is free to make a demand upon the Board, and depending on the actions taken, then bring a derivative suit involving substantially the same case. The Court will, however, caution that given the ruling on June 6, 2004 by U.S. District Judge Paul Magnuson dismissing the related Federal Securities Litigation, whether Plaintiff can demonstrate that RCC suffered a cognizable injury is far less certain.

June 10, 2004                   _____
                                S.J.P.