STATE OF MINNESOTA

COUNTY OF HENNEPIN

FILED

05 NOV -9 PM 2:16

BY _____ DEPUTY
HENN CO. DISTRICT
COURT ADMINISTRATOR

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

Court File No. 05-4418

In re Buca, Inc.
Shareholder Derivative Litigation

**ORDER GRANTING
DEFENDANTS' MOTION
TO DISMISS**

---

The above-captioned matter came on for hearing before the Honorable Judge Kevin S. Burke of

the Fourth Judicial District Court on the 24th day of October, 2005, on the Defendant's Motion

to Dismiss the Consolidated Derivative Complaint and the Defendant's Motion to Stay

Discovery Pending Resolution of a Criminal Investigation.

Vernon J. Vander Weide, Esq., appeared on behalf of Plaintiffs, Harris Rusitzky and

William Lagemann.

Wendy J. Wildung, Esq., appeared on behalf of Defendants, Wallace Doolin, Sidney J.

Feltenstein, Peter J. Mihajlov, John P. Whaley, Paul J. Zepf, the directors of BUCA, Inc.,

together with BUCA, Inc., as a nominal Defendant.

Douglas R. Peterson, Esq., appeared on behalf of Defendant, Greg Gadel.

Based upon all files, records, and proceedings herein, together with the arguments of

counsel,

**IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss the Consolidated Derivative Complaint is **granted**.

2. Plaintiff's claims are dismissed without prejudice.

**Exhibit 10**

BY THE COURT:

Dated: November 9 , 2005

Kevin S. Burke
Judge of District Court

## MEMORANDUM

### Introduction and Procedural History

The Plaintiffs are Harris Rusitzky and William Lagemann, and both were shareholders of Defendant BUCA, Inc. ("BUCA.") They allege that they are bringing "this action derivatively in the right and for the benefit of [BUCA] to redress injuries suffered and to be suffered by [BUCA] as a result of the breaches of fiduciary duty and other violations of law by the [D]efendants." See: Consolidated Derivative Complaint (hereinafter "Complaint".)  The Defendants are: (1) Greg A. Gadel, the BUCA's Chief Financial Officer until his resignation in December 2004; (2) Daniel Skrypek, BUCA's former Controller and Chief Financial Officer from December 2004 until his termination in March 2005; (3) John Motschenbacher, BUCA's Senior Vice President and Chief Information Officer until his termination March 2005; (4) Wallace Doolin, BUCA's Chief Executive Officer and Chairman of the Board since October 2004; (5) Sidney J. Feltenstein, director and member of the Audit Committee; (6) Peter J. Mihajlov, BUCA's co-founder, director and member of the Audit Committee; (7) John P. Whaley, director and member of the Audit Committee; (8) Paul J. Zepf, director and member of the Audit Committee; and (9) BUCA, a publicly-held company that operates restaurants throughout the United States. [Defendants 4-8 are hereinafter collectively referred to as the "Director Defendants."]

2

In 2005, BUCA announced that it might have to restate some of its financial statements due to accounting errors. In response, Plaintiffs filed this action alleging claims for breach of fiduciary duty against the Director Defendants and three former officers of BUCA. The Plaintiff's Complaint maintains that the lawsuit is being brought for the benefit of BUCA. The Plaintiffs did not make a pre-suit demand upon BUCA's Board of Directors as required by Minn. Rule Civ. P. 23.06. They felt that such a demand would be futile.

### Standards of Law and Analysis

According to Minnesota Rules of Civil Procedure 23.06, a shareholder filing a derivative action to enforce and prosecute the rights of the corporation must first make a demand upon the board of directors or "demonstrate that such demand is excused because it would be futile." Professional Management Associates, Inc. v. Coss, 598 N.W.2d 406, 410 (Minn. App. 1999) citing Rales v. Blasband, 634 A.2d 927, 932 (Del. 1993). Rule 23.06 in relevant part states that the complaint of a derivative action shall "allege with particularity the efforts, if any, made by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort." Minn. R. Civ. Pro. 23.06.

The Minnesota Supreme Court has held that "demand is not required where it is plain from the circumstances that it would be futile." Winter v. Farmers Educational and Cooperative Union of America, 107 N.W.2d 226, 234 (Minn. 1961.) "The determination of demand futility is a mixed question of law and fact left to the discretion of the district court." In re Xcel Energy, Inc. 222 F.R.D. 603, 606 (D.Minn. 2004) citing Professional Management Associates, Inc. v.

Coss, 598 N.W.2d 406, 410 (Minn. App. 1999.) Plaintiffs in this case have asserted that demand in this case would be futile for the following reasons:

1.     The Director Defendants are among the primary wrongdoers and are incapable of objectively considering a demand to commence this action against themselves.

2.     The Director Defendants who are members of the Audit Committee are sophisticated and experienced businesspeople who knew that BUCA's accounting systems were deficient and failed to take action to correct those deficiencies.

3.     The Director Defendants, especially those who are members of the Audit Committee, are potential targets of an SEC investigation.

4.     BUCA's directors' and officers' liability insurance coverage prohibits directors from bringing suits against each other. If the Director Defendants did bring a suit for the liability asserted in this case, they would not be insured for the liability.

The Defendants assert that Plaintiff's allegations are overly broad, conclusory, generic, inadequate and fail to state a claim upon which relief can be granted. They allege the Complaint does not contain facts suggesting that the Director Defendants cannot objectively weigh a demand that they file a lawsuit on BUCA's behalf. The Director Defendants also suggest that the Complaint does not contain allegations that they actively participated in any misconduct, engaged in any intentional wrongdoing or personally benefited from the alleged accounting system deficiencies. Also, the Director Defendants argue that there was not support contained within the Complaint to sustain the allegation that they knew of the accounting problems but failed to act.

After reviewing the Complaint and considering the well reasoned arguments by all parties, the Court finds that the Plaintiff's allegations are not enough to persuade this Court that

demand upon the Board of Directors would be futile. Obviously this Court is in no position to factually determine whether or not the Director Defendants are the scoundrels that the Plaintiffs attempt to portray them as. However, assuming arguendo that the Defendants are primary wrongdoers, that they are indeed sophisticated and experienced businesspeople who knew that BUCA's accounting systems were deficient, does not lead to the conclusion that recognizing that they are potential targets of an SEC investigation and a slew of civil litigation that they necessarily would "dig their heels in" and ignore a pre-suit demand that is required by the Minnesota Rules of Civil Procedure 23.06. It is not inconceivable that even the most rogue board given these circumstances might upon receipt of a demand, decide to cut their losses and, for example, appoint a special litigation committee. A board of directors usually does not make an appointment of a special litigation committee before a demand has been made. It is fair to say that a board of directors that announces that it might have to restate some of its financial statements due to some accounting errors is highly unlikely to add to the press release that it is also appointing a special litigation committee. Finally, if the Director Defendants are not the scoundrels that the Plaintiffs allege, steps short of a special litigation committee may be appropriate.

The reasoning behind the demand requirement of Minn. Rule Civ. P. 23.06 is that a corporation is best situated to determine the legitimacy of claims regarding the corporation. "[T]he authority to decide whether to pursue a cause of action on a corporation's behalf belongs to the corporation." Black v. NuAire, Inc., 426 N.W.2d 203, 209 (Minn.App. 1988.) "A derivative action actually belongs to the corporation, but the shareholders are permitted to bring the action where the corporation has failed to take action for itself." Janssen v. Best & Flanagan, 662 N.W.2d 876, 882 (Minn. 2003.) However, the board of directors is best suited to be the first

to weigh the factors and decide whether to pursue the claims advanced in a shareholder's derivative action. <u>Janssen v. Best & Flanagan</u>, 662 N.W.2d 876, 883 (Minn. 2003.) "The careful balancing of those factors is best done by the board of directors, which is familiar with the appropriate weight to attribute to each factor given the company's product and history." <u>Id</u>. "The demand upon the managing directors and shareholders is important in that it gives the management of the corporation an opportunity to consider the merits of the dispute and to determine, in the interests of the corporation and shareholders, whether it might be disposed of without the expense and delay of litigation." <u>Winter v. Farmers Educational and Cooperative Union of America</u>, 107 N.W.2d 226, 233 (Minn. 1961.) The demand requirement is important because directors, not shareholders, are responsible for corporate governance. Therefore, "a shareholder derivative suit is a last resort." <u>Reimel v. MacFarlane</u>, 9 F.Supp.2d 1062, 1066 (D.Minn. 1998) citing <u>Winter v. Farmers Educational and Cooperative Union of America</u>, 107 N.W.2d 226, 23334 (Minn. 1961.)

The Court finds the allegations asserted by the Plaintiffs, with respect to a Minn. Rule Civ. P. 23.06 demand, to be generic and could be asserted against almost any board of directors in a derivative suit. An assertion that the Director Defendants were engaged in wrongdoing is an assertion that could be made in almost every shareholder derivative suit. The Complaint does not offer specific pleadings to prove a demand was futile in this case.

"The demand requirement as a condition precedent to a shareholder's derivative suit is one not lightly to be dispensed with." <u>Winter v. Farmers Educational and Co-op. Union of America</u>, 107 N.W.2d 226, 233 (Minn. 1961.) The Minnesota Rules of Civil Procedure make it clear that demand upon the board is a pre-requisite in most derivative suits. Only under exceptional circumstances can this requirement be waived. This case is not one of those unique

instances. The Defendants' Motion to Dismiss the Consolidated Derivative Complaint is thereby **granted**.

Because the Court has dismissed this case on the demand issue, the other issue of the Defendant's Motion to Stay Discovery Pending Resolution of a Criminal Investigation is **moot**.