**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Donald Rensch, Derivatively on Behalf of Nominal Defendant Northern Oil & Gas, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Michael L. Reger, James Randall Reger, James Russell Reger, Ryan R. Gilbertson, Weldon W. Gilbertson, James R. Sankovitz, Chad D. Winter, Douglas M. Polinsky, Joseph A. Geraci, II and Voyager Oil & Gas, Inc., <br><br> Defendants, <br><br> and <br><br> Northern Oil & Gas, Inc., <br><br> Nominal Defendant. | Case No. 10-CV-03679 (PJS-JJK) <br><br><br> **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS JOSEPH A. GERACI, II AND DOUGLAS M. POLINSKY** |

## I. INTRODUCTION

Plaintiff Donald Rensch identifies a single fact to support two requisite elements of his claim against Douglas M. Polinsky and Joseph A. Geraci II for aiding and abetting the alleged breaches of fiduciary duties of officers and directors of Northern Oil & Gas, Inc. ("Northern Oil") – that Polinsky and Geraci made an investment in Plains Energy Investments, Inc. ("Plains Energy").[1]  (Opp. at 9, 11.)  This fact is insufficient to establish the two elements:  (1) that Polinsky and Geraci knew that the Northern Oil officers and directors were allegedly breaching their fiduciary duties; and (2) that

---

[1] Voyager Oil & Gas, Inc. was formed in April 2010 when Plains Energy Investments, Inc. merged with ante4, Inc. (Compl. ¶7.)

Polinsky and Geraci provided substantial assistance to the Northern Oil officers and directors. Therefore, Rensch has failed to state a claim against Polinsky and Geraci upon which relief can be granted, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court should dismiss Count II of the Complaint against them.

## II. ARGUMENT

**I. Rensch Does Not Dispute That If This Court Grants The Motion To Dismiss Of The Officer Defendants,[2] The Claims Against Polinsky And Geraci Must Be Dismissed.**

Rensch does not dispute that, if this Court finds that Rensch has failed to state a claim against the Officer Defendants for breach of fiduciary duty, then the first element of Rensch's aiding and abetting claim against Polinsky and Geraci is not met, and Rensch's Complaint against them must be dismissed. Therefore, if this Court grants the Motion to Dismiss of the Officer Defendants, Count II against Polinsky and Geraci should be dismissed, as well.

**II. Rensch Failed To Identify Facts Alleged Against Polinsky and Geraci Sufficient To State A Claim For Aiding And Abetting.**

Rensch has failed to identify facts alleged against Polinsky and Geraci to satisfy the remaining prongs of an aiding and abetting claim. To satisfy the second element of his claim, Rensch must allege sufficient facts to show that Polinsky and Geraci knew that the Officer Defendants were allegedly breaching their fiduciary duties; and to satisfy the third element, Rensch must allege facts showing that Polinsky and Geraci provided

---

[2] Defendants Michael L. Reger, Ryan R. Gilbertson, James R. Sankovitz, and Chad Winter are officers and directors of Northern Oil. (Compl. ¶¶6, 9, 11.) The Complaint and this memorandum refer collectively to these defendants as "the Officer Defendants."

2

substantial assistance to the Officer Defendants, meaning that they affirmatively assisted, helped conceal, or enabled the breach of fiduciary duty to proceed by failing to act when required to do so, and that such actions proximately caused the harm. *See Witzman*, 601 N.W.2d at 188; *In re Sharp Intern. Corp. v. State Street Bank & Trust Co.*, 403 F.3d 43, 51-52 (2d Cir. 2005); *see also Olson v. Ische*, 343 N.W.2d 284, 289 (Minn. 1984).

Rensch does not dispute that the ***only*** factual allegations in the Complaint related to Polinsky and Geraci are that over three years ago, until early 2007, they allegedly were members of the Northern Oil board,[3] and that approximately one year later they each made a single investment in Plains Energy. Rensch cannot, as he suggests in attempting to address this pleading deficiency (Opp. at 8), state a claim against Polinsky and Geraci simply by restating the legal standard for aiding and abetting as a factual allegation against them. *See Imation Corp. v. Koninklijke Philips Electronics N.V.*, 630 F. Supp. 2d 1044, 1047 (D. Minn. 2008) (citations omitted).

Rensch attempts to argue that he is not required to allege facts in support of the second, knowledge element of his claim against Polinsky and Geraci. (Opp. at 10.) His authority is inapposite. In *Lehman Bros. Holdings, Inc. v. Hirota*, No. 8:06-cv-2030-T-24MSS, 2007 U.S. Dist. LEXIS 36818, *20-21 (M.D. Fla. May 21, 2007), the court found that the plaintiff alleged facts sufficient to state a claim for breach of contract – that

---

[3] Although Geraci never served as a director of Northern Oil, and thus his connection to Northern Oil and the facts alleged in the Complaint is even more remote than alleged, for purposes of this motion, the facts alleged in the Complaint are assumed to be true.

a contract was formed, that the defendants breached those contracts, and that the breach caused the plaintiff's damages – but rejected the defendant's argument that the defendant's knowledge of any wrongdoing was relevant at the pleading stage. *See also FDIC v. Wabick*, 335 F.3d 620, 628 (7th Cir. Ill. 2003) (reversing district court's order granting summary judgment and remanding, holding that it was unclear from the record when, for purposes of applying the statute of limitations, the FDIC had knowledge of the facts leading to the claim). Here, knowledge is the second prong of Rensch's claim against Polinsky and Geraci, and the failure to allege knowledge is fatal to Rensch's claims.

In *IOTEX Commc'n, Inc. v. Defries*, No. 15817, 1998 Del. Ch. LEXIS 236, at *12-13 (Del. Ch. Dec. 21, 1998), the court dismissed the plaintiff's claims for breach of fiduciary duty and aiding and abetting, and found that:

> While recognizing that . . . 'knowledge . . . may be averred generally,' where pleading a claim of fraud or breach of fiduciary duty that has at its core the charge that the defendant knew something, there must, at least, be sufficient well-pleaded facts from which it can reasonably be inferred that this 'something' was knowable and that the defendant was in a position to know it. . . . Speculative conclusions unsupported by fact do not allege breaches of fiduciary duty.

*See also McGregor v. Uponor, Inc.*, No. 09-1136 ADM/JJK, 2010 U.S. Dist. LEXIS 162, *11-12 (D. Minn. Jan. 4, 2010) (denying motion to dismiss, finding that the plaintiffs pleaded fraud with sufficient particularity, including identifying specific fraudulent statements, including what they said, when they were made, where they were made, and how they were fraudulent). Rensch concedes that the fact that Polinsky and Geraci were "early investors in Plains Energy," is the only factual allegation in the Complaint

supporting his speculative conclusion that Polinsky and Geraci knew of the Officer Defendants alleged tortious conduct. (Opp. at 9.) The simple fact of their investment, without allegations regarding how Polinsky and Geraci could have, or should have known of the Officer Defendants' conduct, or that the Officer Defendants' conduct was a breach of their fiduciary duty, is insufficient.

To support the third, substantial assistance prong of his aiding and abetting claim against Polinsky and Geraci, Rensch also identifies only his allegation that Polinsky and Geraci made an investment in Plains Energy. (Opp. at 11.) The Complaint does not allege what "assistance" was supposedly provided by Polinsky and Geraci; how they helped "conceal" anything' or what affirmative actions they were required, but failed, to take. Polinsky and Geraci's investment in Plains, is insufficient to meet Rensch's burden of alleging facts that make it plausible to conclude Polinsky and Geraci substantially assisted any alleged breach of duty by the Officer Defendants. *See Witzman*, 601 N.W.2d at 188.

### III.   CONCLUSION

The mere allegation that Polinsky and Geraci made a single investment in Plains Energy, cannot alone be sufficient to state a claim against them for aiding and abetting the alleged breach of fiduciary duty by the Officer Defendants of Northern Oil for allegedly usurping a Northern Oil corporate opportunity. Rensch fails to identify any allegations to support his claim that Polinsky and Geraci purportedly knew of the alleged breach of fiduciary duty by the Officer Defendants, and that they purportedly substantially assisted the Officer Defendants in their alleged breach. Rensch has failed to

state a claim against Polinsky and Geraci for aiding and abetting, and Polinsky and Geraci thus respectfully request that this Court dismiss Count II of the Complaint against Polinsky and Geraci, with prejudice.

Dated:  January 6, 2011	**MASLON EDELMAN BORMAN & BRAND, LLP**

By     s/Catherine H. Ahlin-Halverson
       Richard G. Wilson (#16544X)
       Catherine H. Ahlin-Halverson (#350473)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone:   (612) 672-8200
Fax:              (612) 672-8397

**ATTORNEYS FOR DEFENDANTS
JOSEPH A. GERACI, II AND
DOUGLAS M. POLINSKY**

778743